*112 The opinion of the Court was afterwards drawn up by
Parker C. J.
We are all satisfied that the power given - to towns by St. 1789, c. 19, § 2, [Revised Stat.' c. 23, § 24,] to determine and define the limits of school districts, can be executed only by a geographical division of the town for that purpose. There having been no such proceedings in regard to the supposed district for which the tax was assessed, there was no LawAif assessment.
The committee appointed by authority of the town to determine and define the limits of the districts, made an unfortunate mistake in the manner of executing- this trust. They ran no lines and established no boundaries, but merely mentioned and described the persons of whom the district was to be composed. They probably intended that the lands occupied by these persons should be included within the district, but their intention is not matter of record, and according to the terms of their report, their limitation is merely personal, and the district would fluctuate with the change of residence of the persons mentioned. This is altogether against the spirit, as well as the letter of the act, and indeed of all the acts relating to this subject.[1]
It was suggested, that the action would not lie against one assessor alone ; but as the warrant given to the collector was without authority, those who issued it were trespassers and are severally as well as jointly answerable.
This case does not fall within the purview of St. 1823, c. 138, § 5,[2] which provides indemnity for assessors when required to assess the tax by the constituted authorities of any town, district, parish or religious society, for here there were no constituted authorities, there being no school district; so that if such a corporation comes within the description in this statute, still for want of a lawful establishment no power could be communicated.[3]

Judgment of C. C. P. affirmed.

 See Perry v. Dover, 12 Pick. 206: Taft v. Wood, 14 Pick. 367; Clark v. Great Barrington, 11 Pick. 260.

 See Revised Stat. c. 7, § 44.

 See Revised Stat. c. 7, § 44; Little v. Merrill, 10 Pick. 543; Taft v. Wood, 14 Pick. 362; Gage v. Currier, 4 Pick. 399, 405; Allen v. Metcalf, 17 Pick. 208; Taft v. Metcalf, 11 Pick. 456.